

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Shawn Matthew Clark
212.497.6840 direct
212.583.9600 main
646.219.5963 fax
smclark@littler.com

August 14, 2017

**VIA ECF**

Hon. Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Arsena v. M H Restaurant Group LLC, *et al.*,
Case No.: 16-cv-01546 (LDW)(SIL)

Dear Judge Locke:

As counsel for Defendants we write in response to Plaintiff's letter dated August 9, 2017, requesting a pre-motion conference with respect to Plaintiff's anticipated motion for conditional certification of a collective action (ECF No. 35). For the reasons that follow, and because Plaintiff has not provided the Court with sufficient factual evidence to warrant conditional certification of a collective action, Plaintiff's anticipated motion for conditional certification should be denied.

**I.      BACKGROUND.**

Plaintiff formerly was employed as a server at Your Mother's House between March 2015 and October 2015. As a tipped employee, Plaintiff was paid the "tip credit minimum wage" of $5.00 per hour, in addition to the customer tips he received, which brought his hourly rate above the regular minimum wage. Plaintiff alleges that Defendants maintained common policies and practices of not properly notifying servers about the tip credit and misappropriating portions of servers' tips by participating in the tip pool. (*See* Amended Complaint (ECF No. 33) at ¶¶ 38-44). Plaintiff purports to bring his claim on behalf of "all other and former similarly situated wait staff." (*See id.* at ¶ 38). As of the date of this letter, however, there are no other current or former employees participating in this action.

**II.     PLAINTIFF CANNOT MEET HIS BURDEN.**

To establish that conditional certification of a collection action is appropriate, Plaintiff must make a "modest factual showing" that he and the potential collective action class members, with whom he is "similarly situated," "together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). While

Hon. Steven I. Locke
August 14, 2017
Page 2

Plaintiff's burden at this stage "is low, it is not non-existent," and "certification is not automatic." *Sanchez v. JMP Ventures, LLC,* No. 13 Civ. 7264(KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (internal citation omitted). Plaintiff's allegations and proposed affidavits fail to meet this low threshold, because Plaintiff offers no *facts* to support a "modest factual showing" and Plaintiff otherwise fails to allege any violation of the Fair Labor Standards Act ("FLSA").

First, Plaintiff's allegation that he "spoke with numerous [unnamed] servers" during his seven-month employment at Your Mother's House, concerning whether they received a tip credit notice (*see* ECF No. 33, at ¶ 33, ECF No. 35 at p. 2) is insufficient to meet his burden. *See, e.g., Sanchez,* 2014 WL 465542, at *1 (denying conditional certification for a class of "all tipped employees," where plaintiff's affidavit was based on his "observations" and "conversations" with unnamed employees during his seven months of employment); *Ikikhueme v. Culinart, Inc.,* No. 13 Civ. 293 (JMF), 2013 WL 2395020, at *2-3 (S.D.N.Y. June 3, 2013) (Plaintiff's "understanding" about other employees' duties was insufficient to meet his burden on a condition certification motion); *Barfield v. N.Y.C. Health & Hosps. Corp.,* No. 05 Civ. 6319 (JSR), 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) (denying motion for conditional certification where "plaintiff present[ed] nothing but limited anecdotal hearsay"). Plaintiff does not identify the employees with whom he purportedly spoke, or the date or substance of any conversation he had. Without more, Plaintiff's unverifiable hearsay cannot support a conclusion that he is "similarly situated" with other members of the proposed collective class.

Second, Plaintiff cannot demonstrate a common policy or plan that violated the FLSA. Under the FLSA, an employer may pay a tipped employee a cash wage that is lower than the statutory minimum wage, provided that the employer provides notice to the employee of the tip credit taken by the employer, and the cash wage and the employee's tips, taken together, are at least equivalent to the federal minimum wage. 29 U.S.C. § 203(m). "The FLSA's notice provision does not require that the notice be given in writing." *Hernandez v. Jrpac Inc.,* NO. 14 Civ. 4176 (PAE), 2016 WL 3248493, at *23 (S.D.N.Y. June 9, 2016). Indeed, an employer can meet the FLSA's tip credit notice requirement by hanging a poster in the workplace providing the pertinent information. *See Pellon v. Business Representation Int'l,* Inc., 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007) ("a prominently displayed poster using language approved by the Department of Labor to explain 29 U.S.C. § 203(m) is sufficient notice"); *Davis v. B & S, Inc.,* 38 F. Supp. 2d 707, 719 (N.D. Ind. 1998) ("an employer can satisfactorily convey notice of the tip credit by way of a poster, if the content of the poster is otherwise sufficient and it is prominently displayed").

Plaintiff alleges that he and other potential collective class member were not provided with *written* notification advising them of "the tip credit and minimum wage laws." (*see* ECF No. 33, at ¶ 51, ECF No. 35 at p. 2). However, written notification is not required under the FLSA. Plaintiff does not allege that he or others were unaware of the tip credit. Indeed, it is undisputed that Your Mother's House conspicuously displayed a poster in the restaurant

Hon. Steven I. Locke
August 14, 2017
Page 3

detailing information about the tip credit.[1] Therefore, because Plaintiff cannot make a "modest factual showing" that he and the potential collective action class members, with whom he is "similarly situated," were victims of a common policy or plan that violated the FLSA, Plaintiff's proposed motion for conditional certification should be denied.

Respectfully submitted,

Littler Mendelson, P.C.


/s/ *Shawn Matthew Clark*

Shawn Matthew Clark


cc: David R. Ehrlich, Esq. (via ECF)
Debra L. Wabnik, Esq (via ECF)
Theo E.M. Gould, Esq. (via ECF)

---

[1] Plaintiff's allegation that Defendants violated the New York Labor Law by failing to provided written notice of the tip credit consistent with New York's Hospitality Industry Wage Order, 12 N.Y.C.R.R § 146-2.2, is irrelevant for purposes of determining whether Defendant maintained a common policy or practice which violated the FLSA such that collection action relief under the FLSA is appropriate.